

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2007

# In Re: Blake Chicago

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2280

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Blake Chicago " (2007). *2007 Decisions.* Paper 373.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/373

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2280
_____

IN RE: BLAKE OF CHICAGO CORP.
f/k/a A.B. DICK COMPANY, et. al.,
*Debtor*,

*EXECUTIVE SOUNDING BOARD ASSOCIATES, INC.,
AS TRUSTEE OF THE BLAKE CREDITOR TRUST,
*Appellant*,

*(Substituted per the Clerk's Order dated 12/19/06

_____

On Appeal from the United States District Court
For the District of Delaware
(No. 04-CV-1566)
District Judge: Honorable Kent A. Jordan
_____

Argued on September 19, 2007
_____

Before: SLOVITER, SMITH and GARTH, *Circuit Judges*.

(Filed:  September 26, 2007)

Patricia K. Smoots (**Argued)**
Richard J. Mason, P.C.
Michael M. Schmahl
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601-1681
  *Attorneys for Appellant*

James M. Sullivan (**Argued**)
Stephen B. Selbst
Gary O. Ravert
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173
        *Attorneys for Appellee*

_____

OPINION

_____

GARTH, *Circuit Judge*.

We review an order of the district court for the District of Delaware entered on March 9, 2006, affirming the November 17, 2004 order of the bankruptcy court as amended November 23, 2006. Our review is plenary. Our jurisdiction stems from a final order. 28 U.S.C. § 1291.

A brief description of the issue follows. (The parties being familiar with the entire proceeding, the details need not be specified here). A.B. Dick Company had pre-paid $2.546 million for certain inventory (plates) on order from Mitsubishi Imaging, Inc. Pursuant to an Asset Purchase Agreement ("APA"), amended twice and approved by the bankruptcy court. Appellee Presstek, Inc. then paid $40 million to acquire substantially all of A.B. Dick's assets, and in particular, A.B. Dick's inventory. The issue in contention is whether Presstek retains the $2.546 million in inventory purchased in pre-paid deposits by Presstek, or whether this amount was retained by the debtors' estate, and therefore should inure to the benefit of the appellant Official Committee of Unsecured Creditors.

The Official Committee contends that Presstek did not acquire the $2.546 million pre-paid inventory because: 1. A.B. Dick had not acquired title to the on-order product from Mitsubishi prior to the bankruptcy court's approval of the sale, and therefore A.B. Dick could not sell the product to Presstek;[1] 2. the rights to the pre-paid product were an "Excluded Asset" under Section 2.2 of the APA; and 3. Paragraph 9 of the bankruptcy court's approval order excluded A.B. Dick's Postpetition Agreement with Mitsubishi from the sale. Presstek, on the other hand, contends that: 1. the lack of title transfer is irrelevant since A.B. Dick acquired rights and interest to the pre-paid product, which was then sold to Presstek; 2. the pre-paid inventory was not an excluded asset under the APA; and 3. Paragraph 9 did not apply to A.B. Dick's transfer of its rights and interest in the on-order product from Mitsubishi.

We hold that although title to the pre-paid inventory did not pass from Mitsubishi to A.B. Dick, the APA provided for Presstek's acquisition of all right, title, and interest in A.B. Dick's assets and did not list pre-paid inventory among the excluded assets. Moreover, the APA provided that A.B. Dick's working capital (accounts receivable and inventory) had to be at least $22.7 million in order for Presstek to purchase A.B. Dick's assets for $40 million. This working capital provision included pre-paid inventory. Finally, Paragraph 9 of the bankruptcy court's approval order was prospective in nature and thus did not apply to

---

[1] Under the terms of a Postpetition Agreement with Mitsubishi, A.B. Dick did not acquire title to the pre-paid product until delivery. At the time the bankruptcy court entered its approval order, no product had yet been delivered.

inventory, which was already paid for and in the process of shipment to A.B. Dick.  Thus, Paragraph 9 did not affect the transfer of this pre-paid inventory.

We will affirm the district court's order.